**UNITED STATES of America**

v.

**Jesus RIVERA, Defendant.**

**No. 00 CR. 0237(VM).**

United States District Court,
S.D. New York.

April 21, 2011.

Aitan David Goelman, Assistant United States Attorney, Mary Jo White, United States Attorney, Adam Fee, United States Attorney Office, New York, NY, for Plaintiff.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

Defendant Jesus Rivera ("Rivera") filed this pro se motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). On December 6, 2001, pursuant to a plea agreement, Rivera pleaded guilty to three counts of use of a telephone in connection with a drug felony offense in violation of 21 U.S.C. § 843(b). According to the plea agreement, Rivera stipulated that because the offense and relevant conduct involved the distribution of more than 30 kilograms of heroin, the appropriate base offense level was 38, pursuant to § 2D1.1(c)(1) of the United States Sentencing Guidelines ("Guidelines").[1] After a three-level decrease in his offense level for acceptance of responsibility pursuant to § 3E1.1 of the Guidelines, Rivera's total offense level equaled 35. Rivera also stipulated that his criminal history category

was III. The Guidelines range for an offense level of 35 and a criminal history category of III was 210 to 262 months. However, since the statutory maximum term of incarceration for the offenses to which Rivera pled guilty was 12 years (144 months) of imprisonment, Rivera's stipulated Guidelines range was 144 months of imprisonment, pursuant to § 5G1.1(a) of the Guidelines. *See* 21 U.S.C. § 843(d).

In connection with the sentencing of Rivera, the United States Probation Office ("Probation") prepared a presentence investigation report ("PSR"), dated March 8, 2002. Probation assigned a two-level increase to Rivera's offense level for his role as a manager in the organization, for a total offense level of 37 as opposed to 35 contemplated by the plea agreement. Coupled with a criminal history category level of III, Probation calculated Rivera's Guidelines range as 262 to 327 months. Nonetheless, Probation noted that, because Rivera could only receive a maximum sentence of 144 months of imprisonment, the two-level increase did not affect his sentencing range. (*See* PSR ¶ 101.) On March 15, 2002, this Court sentenced Rivera to 144 months of imprisonment followed by one year of supervised release.

After Rivera was sentenced, the United States Sentencing Commission ("Sentencing Commission") revised the drug quantity table at § 2D1.1(c) of the Guidelines and reduced the base offense level by two for most crack cocaine offenses (the "Amendments"). *See* U.S.S.G., Supp. to App. C, Amend. 706 (effective Nov. 1, 2007). The Sentencing Commission also made this reduction apply retroactively. *See id.*, Amend. 711 (effective Nov. 1, 2007). Accordingly, Rivera argues that his base offense level should be reduced from

---

**1.** The 2000 edition of the Guidelines was used in this case.

37 to 35 and thus his sentence should be reduced as well. The Court disagrees.

A court is not authorized to reduce a defendant's sentence as a result of the Amendments, if the Amendments do not apply or the defendant's Guidelines range is not lowered as a result of the Amendment. *See* U.S.S.G. § 1B1.10(a)(1). Here, the Amendments do not affect Rivera's Guidelines range. First, because Rivera pleaded guilty to the distribution of more than 30 kilograms of heroin, his base offense level of 38 is not affected by the Amendments. *See* U.S.S.G. § 2D1.1(c)(1) (effective Nov. 1, 2007). Second, even if Rivera's total offense level were reduced to 35, as he argues, his Guidelines range would amount to 210 to 262 months of imprisonment, which far exceeds the statutory maximum sentence of 144 months the Court imposed. Since Rivera's Guidelines range is not lowered by the Amendments, there is no basis for the Court to grant Rivera's request to reduce his sentence.

## ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendant Jesus Rivera (Docket No. 545) seeking a reduction of sentence under 18 U.S.C. § 3582(c)(2) is **DENIED.**

**SO ORDERED.**